

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | §    Criminal Action No.: 0:23-231-MGL-1 |
| | § |
| SHARIF AHMAD LAGUDA, | § |
|                 Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION**

Pending before the Court is Defendant Sharif Ahmad Laguda's (Laguda) motion for compassionate release.  Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

Laguda pled guilty to being a felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

At sentencing, Laguda received a total offense level of twenty-four and a criminal history category of III, which resulted in a Guideline range of sixty-three to seventy-eight months of imprisonment.  The Court, however, granted a variance and sentenced Laguda to fifty-seven months of imprisonment, followed by three years of supervised release.  He is currently housed at

Federal Correctional Institution Bennettsville (FCI Bennettsville), with a projected release date of July 18, 2028.

Laguda recently filed this motion for compassionate release. The government responded, but Laguda failed to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

## III.   STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court shall consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The applicable policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) under certain circumstances, where the

defendant received an "unusually long sentence[.]" United States Sentencing Guideline (U.S.S.G.) § 1B1.13.

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

## IV.     DISCUSSION AND ANALYSIS

As an initial matter, the record indicates Laguda has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will therefore turn to the merits of his motion.

### A.     *Whether Laguda presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

Laguda contends his minor daughter, N.L., who was born prematurely in May 2024, is suffering from numerous health conditions that require around-the-clock care. Laguda asserts his wife, Kieara Johnson (Johnson), is N.L.'s primary caregiver. But, Laguda maintains Johnson is employed and unable to care for N.L.'s medical needs, along with the needs of her other children.

The government acknowledges Laguda's presence in the home could alleviate some of the pressures Johnson is facing in caring for N.L. Nevertheless, the government notes the presence of

3

a more convenient caregiver is an unviable basis for a sentence reduction. Further, the government avers Laguda has failed to demonstrate Johnson is incapacitated.

To constitute an extraordinary and compelling reason based on the defendant's need to care for his minor child, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child[,]" U.S.S.G. § 1B1.13(b)(3)(A).

Here, the Court agrees with the government Laguda has neglected to demonstrate Johnson is incapacitated. Rather, Laguda maintains Johnson needs additional support to properly care for N.L. Laguda's release plan, however, indicates Johnson's father also lives in the Charlotte, North Carolina home. Further, Laguda's presentence investigation report indicates Laguda's mother and brothers reside nearby in Rock Hill, South Carolina. Yet, Laguda has failed to establish these individuals are unavailable to assist Johnson.

Acccordingly, the Court is unable to conclude Laguda has demonstrated extraordinary and compelling reasons warranting compassionate release.

### B.     *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Laguda's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)    the need for the sentence imposed—
    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes by the defendant;

        (D)       to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)       the kinds of sentences available;
(4)       the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5)       any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6)       the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)       the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Laguda pled guilty to a serious offense. He was involved in an early morning road-rage incident, during which he illegally possessed a loaded gun and fired five rounds of ammunition at another driver. He also fled the scene. This is not Laguda's first instance of violent behavior, as he was previously convicted for assault and battery with intent to kill.

Laguda states he has worked in automotive repairs and participated in rehabilitative programming while incarcerated. Though the Court is pleased with Laguda's rehabilitation efforts and encourages him to continue furthering his skills, Laguda has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Additionally, Laguda's current sentence fails to create any unwarranted disparity among defendants in similar circumstances. Despite Laguda's Guideline range of sixty-three to seventy-eight months of imprisonment, the Court granted a variance and sentenced him to only fifty-seven months. And, this is five months below the median sentence imposed on defendants with the same primary guideline, final offense level, and criminal history category as Laguda. *Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited June 6, 2025).

Upon balancing the Section 3553(a) factors, the Court therefore determines Laguda is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. Thus, the Court will deny his motion.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Laguda's motion for compassionate release, ECF No. 73, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of June 2025, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis  
                                                MARY GEIGER LEWIS  
                                                UNITED STATES DISTRICT JUDGE